UNITED STATES of America ex rel. Clarence SMITH and Lee Stanford, Relators

v.

STATE OF NEW JERSEY and the Principal Keeper of the State Prison at Trenton, New Jersey, and Superintendent of the New Jersey Reformatory at Bordentown, New Jersey, Respondents.

Civ. No. 109-61.

United States District Court D. New Jersey.

June 6, 1961.

Hymen B. Mintz, Newark, N. J., for petitioners.

Brendon T. Byrne, Prosecutor of Essex County, by Sanford M. Jaffe, Sp. Legal Asst. Prosecutor, Newark, N. J., for respondents.

MEANEY, District Judge.

The petitioners herein were found guilty of murder in the first degree after a trial by jury in the County Court for the County of Essex in the State of New Jersey. On January 31, 1959, they were sentenced to life imprisonment.

The judgment of conviction was appealed to the Supreme Court of the State of New Jersey and was affirmed by that court on May 23, 1960. State v. Smith, 32 N.J. 501, 161 A.2d 520. A

**692**

petition for writ of certiorari was filed in the Supreme Court of the United States, which was denied on January 9, 1961, 364 U.S. 936, 81 S.Ct. 383, 5 L. Ed.2d 367. Thereafter the instant application for a writ of habeas corpus was filed in this court, alleging that petitioners were denied due process of law guaranteed to them by the 14th Amendment to the Constitution of the United States. The bases for such allegation are as follows: The petitioners assert that the only evidence implicating them adduced at their trial was a statement secured by force and coercion; that they were detained over ten hours in Police Headquarters in the City of Newark before the said statement was extracted; that no complaint was filed against them for four days after arrest; that they were not taken before a magistrate for ten days after arrest; that no preliminary hearing was held by the Juvenile Court judge, who simply ordered that they be turned over to the County Prosecutor to be dealt with as adults, and that no other hearing was held by a magistrate or judge for two and one half months, when the Grand Jury returned an indictment for murder in the first degree—all of which they allege constituted a violation of their constitutional right to due process.

The New Jersey statutes and the rules of the Supreme Court of New Jersey provide for certain procedures to be applied in matters affecting juveniles between the ages of 16 and 18, as were the petitioners at the time of their apprehension.

The Supreme Court of New Jersey considered at length the contentions of petitioners that the alleged violations of the statutes of New Jersey and the rules of the Supreme Court of New Jersey were sufficient to invalidate the conviction. As to the detention in police headquarters for purposes of interrogation, allegedly in violation of R.R. 6:-8–3(c), the Supreme Court of New Jersey said, "The rule does not apply where presence in the places named is only for a temporary purpose such as inves-

tigation or interrogation." State v. Smith, 1960, 32 N.J. 501, 533, 161 A.2d 520, 536. As to the failure to take the petitioners before a magistrate for preliminary hearing, either at once upon apprehension or at the conclusion of the interrogation session, it was said, "The police fully conformed with all requisites by then placing them in the Youth House and by filing a complaint in the juvenile court thereafter." State v. Smith, supra, 32 N.J. at page 537, 161 A.2d at page 539. As to the absence of a preliminary hearing after the Juvenile Court judge determined petitioners should be treated as adult criminal defendants rather than juveniles, the Supreme Court of New Jersey saw " * * * no merit in defendants' position either from the standpoint of bare procedural defect or fundamental unfairness." State v. Smith, supra, 32 N.J. at page 539, 161 A.2d at page 540.

These provisions are of a statutory and regulatory nature and are not based on any right guaranteed by the Federal Constitution. Hence the question of whether or not they have been complied with is for the determination of the courts of the State of New Jersey. That there were seeming deviations from the regular course of procedure was determined by the Supreme Court of that State to be of no such substantiality as to warrant a reversal of the conviction, a finding with which this court finds itself in accord.

A more pregnant contention is made as to the question of admissibility of the alleged confessions. The accepted rule in New Jersey on the question of admissibility of evidence, including statements, is that it is for the judge alone to pass on such question. And with reference to the voluntariness of confessions, which would affect their admissibility, the law of New Jersey is explicit in declaring that such matter is for the judge alone to decide. In making such decision the court is bound by the rulings of the United States Supreme Court as to certain phases of the question of voluntariness. Cer-

tainly confessions obtained by violent means or by coercion are involuntary. But this rule is not restricted to instances where physical violence or torture is employed. It also envisages the use of overly prolonged questioning or mental coercion. Unduly continued detention with extensive and persistent questioning may amount to such psychological pressure as to destroy the voluntary character of statements made under such conditions. This does not mean, however, that police officers may not question suspects in an attempt to discover the truth about the existence or commission of a crime. In fact in many instances immediate interrogation is highly advisable. It is only when fundamental unfairness results from undue extension of the time of examination so as to constitute it a veritable "third degree" that such confessions and statements are to be refused admission into evidence. Each case must be examined and carefully scrutinized, attention being paid not only to length of time, but circumstances under which the questioning takes place. Truth or falsehood of the resultant declarations are not factors to be considered when voluntariness *vel non* is at issue.

Generally, as has been said in Hoag v. State of New Jersey, 1958, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, states must have the widest latitude in their administration of criminal justice. But this does not remove from this court the obligation of independently examining the record to determine the merits of legal claims urged in behalf of a petitioner, nor can the finding of a state court or the verdict of a jury obviate the necessity for such action.

■ An independent survey of the voluminous evidence relating to the voluntariness of the confessions does in fact show some contradictions and discrepancies in the testimony of police witnesses. But this court, after careful analysis of the record, including the circumstances under which and the time during which the questioning took place, finds no compulsion to disagree with the conclusions of the Supreme Court of New Jersey as set forth in the opinion of Justice Hall, "that the weight of the proofs was in favor of voluntariness." State v. Smith, supra, 32 N.J. at page 550, 161 A.2d at page 546.

■ The fact that a rule has been adopted for federal courts which denies admission to confessions obtained before prompt arraignment, despite their voluntary character (McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819), does not confer upon it the status of a constitutional requirement and hence is not binding on state courts. Gallegos v. State of Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L. Ed. 86.

In view of the foregoing the petition for a writ of habeas corpus is denied.

This opinion is to be considered as sufficient findings of fact and conclusions of law.

Let an order be submitted.